Per Curiam.

Under the provisions of section 4 of the Commercial Rent Law (L. 1945, eh. 3, as amd.), a reasonable rent may be determined in excess of the *757 emergency rent in an amount which, presumptively, shall be sufficient to produce a net a.rmrial return, over and above the cost of maintenance and operation, of 6% on the fair value of the entire property including the land, plus 2% of principal for amortization of any mortgages thereon, or 2% per annum for depreciation on the fair value of improvements. The presumption that this represents a fair annual net return may be rebutted by the introduction of evidence establishing that the rental value of the demised premises does not justify the application of those percentages (Schack v. Handel, 271 App. Div. 1). In the absence of such evidence, the said statutory percentages are applied to determine what is, in the language of the statute, “ a reasonable rent based on the fair rental value of the tenant’s commercial space ”. Except for the inadequate evidence of rental value introduced by the tenant, the parties at the first hearing proceeded as though a reasonable rent must be determined mechanically on the basis of the formula set forth in the statute, without relation otherwise to what “ the fair rental 'value of the tenant’s commercial space ” may be. Schack v. Handel (supra) holds that the words which have just been quoted from the statute, are not to be construed as indicating necessarily an inflexible application of the statutory formula, but leave room for variation of the formula. It can hardly have been the intention of the Legislature, for example, to direct the determination of a “ reasonable rent ” under the Emergency Rent Laws which would be in excess of what the premises would bring if no Emergency Rent Laws existed. While the tenant’s evidence showing the rental on the freeze date, and the rental actually paid for a single parcel of other unimproved land in the vicinity, may be relevant and have some tendency to indicate that proof to rebut the statutory formula may be available, it is, standing by itself, unsatisfactory and inadequate to that purpose. The motion for reargument presents no matters that were overlooked by the court, but emphasizes omissions in the present record, on account of which, in the interest of justice, a rehearing has been and should be allowed. The motion for reargument should be denied.
Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ., concur.
Motion for reargument denied, with $10 costs.